UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLAN BARREDA, and all other Plaintiffs similarly situated known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> PROSPECT AIRPORT SERVICES, INC., <br><br> Defendant. | FILED:   JUNE 4 , 2008 <br> 08CV 3239         NF <br> JUDGE KENNELLY <br> MAGISTRATE JUDGE NOLAN |

## COMPLAINT AT LAW

Plaintiff, Allan Barreda ("Barreda"), on behalf of himself and all other Plaintiffs similarly situated known and unknown, by and through his attorneys, Caffarelli & Siegel Ltd., for his Complaint at Law, complains against Defendant Prospect Airport Services, Inc. ("Prospect"), as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*, ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay minimum, overtime, and other wages due to Plaintiff and other similarly situated employees.

### JURISDICTION AND VENUE

2. This court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the Illinois state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois, at O'Hare International Airport ("O'Hare") located in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff resides in and is domiciled within this judicial district.

5. Plaintiff, and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class"), are either present or past employees of Defendant who have not been paid and are due wages under the FLSA, Portal-to-Portal Act, IMWL, and IWPCA

6. Defendant Prospect is an Illinois corporation. Its office is located in this judicial district.

## FACTUAL ALLEGATIONS

7. Barreda is currently employed by Defendant. He began working for Prospect on or about July 24, 2007.

8. Prospect has contracts with Delta Airlines ("Delta") and U.S Airways to provide skycap services at O'Hare.

9. Plaintiff Barreda works as a skycap. He is paid $4.50 per hour plus tips for work as a Delta skycap. He is paid $5.50 per hour plus tips for work as a U.S. Airways skycap.

10. Defendant employed, and still employs, other employees who perform[ed] the same job duties and responsibilities as Barreda.

11. In 2007 U.S. Airways began charging its customers a $2.00 service fee for curbside check-in. Barreda and other members of the Plaintiff class are required to collect the service fees and deposit them with the bank at O'Hare.

12. On or about April 15, 2008, Delta began charging its customers a $3.00 service fee for curbside check-in. Barreda and other members of the Plaintiff Class are required to collect the service fees and deposit them with the bank at O'Hare.

13. Barreda, and other members of the Plaintiff Class, received fewer tips as a result of U.S. Airways' and Delta's respective service fees.

14. As a result of the policies and practices described above, Barreda and other members of the Plaintiff Class were not paid the applicable State and federal minimum wage for all hours worked while in Defendant's employ.

15. Barreda, and other members of the Plaintiff Class, were directed by Defendant to perform work prior to and after their regularly scheduled shift. For example, Prospect required them to deposit the service fees they collected for Delta and U.S. Airways prior to or after their regularly scheduled shift.

16. Defendant refused to compensate Barreda or other members of the Plaintiff Class for any time prior to or following those employees' regularly scheduled shifts, even though Defendants required Barreda and other members of the Plaintiff Class to perform such work.

17. Barreda and other members of the Plaintiff Class are given a thirty (30) minute unpaid meal break each work day.

18. Barreda and other members of the Plaintiff Class regularly work during their unpaid meal break.

19. Prospect is aware of the fact that Barreda and other members of the Plaintiff Class regularly work during their unpaid meal break and allows them to perform such work.

20. Barreda and other members of the Plaintiff Class are not paid for the work performed during their meal break.

21. By refusing to compensate Plaintiff and other members of the Plaintiff Class for all time they were required or allowed to work for Defendant, Prospect failed to compensate Plaintiff and other members of the Plaintiff Class for all time worked, in violation of state and federal law.

22. As a result of the policies and practices of Prospect, described above, Barreda and other members of the Plaintiff Class worked in excess of forty (40) hours per week while in Defendant's employ, and were not paid overtime for portions of that time.

23. Barreda, and other members of the Plaintiff Class, are entitled to have been paid the applicable State and federal minimum wage for all hours worked, and one and one-half times their regular hourly rate for all hours worked in excess of forty (40) per work week (commonly known as "overtime").

24. During the course of his employment with Defendant, Barreda, and other members of the Plaintiff Class, were not paid at the minimum wage for all hours worked, nor were they paid at the overtime rate for all hours worked in excess of forty (40) per week.

25. Defendant was aware of its obligation to pay employees the minimum wage and overtime pay, and intentionally chose not to pay Barreda or other members of the Plaintiff class accordingly. Defendant acted in bad faith in failing to compensate Barreda and other members of the Plaintiff class for the work they performed.

**COUNT I**
**Violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.***

26. Paragraphs 1-25 are re-alleged and incorporated as though set forth fully herein.

27. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by the Plaintiff Class, or by anyone for and on behalf of him/herself and other Plaintiffs similarly situated, who has been damaged by Defendant's failure to comply with 29 U.S.C. § 201 *et seq.* and 29 U.S.C.

4

§251 *et seq.* Plaintiff Barreda attaches as Group Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

28. All past and present employees of Defendant employed as skycaps at O'Hare are similarly situated to the named Plaintiff in that Defendant has applied the compensation policies, which violate the FLSA, on a company-wide basis. All past and present skycaps at O'Hare, including Barreda are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendant's business, and all have been and/or are presently being denied proper compensation as required by the FLSA.

29. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

30. In order to bring this cause of action, it has been necessary for the named Plaintiff, and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure any judgment due them with regard to back compensation.

31. At all relevant times, Plaintiff Barreda and all other members of the Plaintiff Class, known and unknown, were "employees" subject to the FLSA, who were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207, and Defendant was an "employer" subject to the FLSA.

32. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff Barreda and all other members of the Plaintiff Class, known and unknown, worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

5

33.   Pursuant to 29 U.S.C. § 206, Plaintiff Barreda and all other members of the Plaintiff Class, known and unknown, were entitled to receive at least the applicable federal minimum wage rate for all hours worked.

34.   Defendant's failure to pay compensation to Plaintiff Barreda and all other members of the Plaintiff Class, known and unknown, at the applicable federal minimum wage rate is a violation of the FLSA.

35.   Defendant knew its obligations under the FLSA, but deliberately chose not to heed them. Thus, Defendant's failure to pay minimum wages and overtime is a willful violation of the FLSA.

36.   As a direct and proximate result thereof, there is due to Barreda and other members of the Plaintiff Class back wages and liquidated damages, pursuant to the FLSA.

WHEREFORE, Plaintiff Barreda, on behalf of himself and all other members of the Plaintiff Class, known and unknown, respectfully request this Court to enter an order as follows:

    A.   Back pay equal to the amount of all unpaid minimum and overtime wages for the three (3) years preceding the filing of this Complaint to the present, according to the applicable statute of limitations;

    B.   Liquidated damages equal to the amount of unpaid back wages, pursuant to 29 U.S.C. § 216(b);

    C.   Prejudgment interest with respect to the total amount of unpaid overtime and other compensation;

    D.   Reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

6

E.  Such additional relief as the Court deems just and appropriate under the circumstances.

## COUNT II
## Violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*

37. Paragraphs 1 – 36 are re-alleged and incorporated as though set forth fully herein.

38. The matters set forth in this Count arise from Defendant's violations of the minimum wage, 820 Ill. Comp. Stat. 105/4, and overtime compensation provisions of the IMWL, 820 Ill. Comp. Stat. 105/4(a).

39. Barreda was an employee of Prospect who has not been paid minimum and overtime wages under the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*, during his employment with Defendant. Plaintiff brings this action pursuant to 820 Ill. Comp. Stat. 105/12(a).

40. At all relevant times herein, Defendant has been an "employer" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

41. At all relevant times Barreda was employed by Prospect as an "employee" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

42. Pursuant to 820 Ill. Comp. Stat. 105/4(a), for all weeks during which Barreda worked in excess of forty hours, Barreda is entitled to be compensated at one and one-half times his normal hourly rate of pay for his excess hours.

43. Defendant failed to pay overtime wages to Barreda for all hours worked in excess of forty (40) per work week, at the rate of one and one-half times their regular rate of pay.

44. Prospect violated the maximum hours provision of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4(a), by refusing to compensate Barreda at one and one-half times his normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

7

45. Pursuant to 820 Ill. Comp. Stat. 105/4, Barreda was entitled to be compensated at the applicable State minimum wage rate for all hours worked.

46. Defendants violated the minimum wage provisions of the IMWL by compensating Barreda at a rate of less the applicable State minimum wage.

47. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Barreda is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Barreda respectfully requests this Court to enter an order as follows:

A. Awarding a judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Awarding prejudgment interest on the back wages in accordance with 815 Ill. Comp. Stat. 205/2;

C. Awarding punitive damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

D. Awarding reasonable attorneys' fees to Caffarelli & Siegel Ltd., and awarding costs incurred in filing this action; and

E. Ordering such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq*.**

48. Paragraphs 1 – 47 are re-alleged and incorporated as though set forth fully herein.

49. At all relevant times, Defendant was an "employer" as defined in the IWPCA, 820 Ill. Comp. Stat. 115/1 et seq.; and Barreda was an "employee" within the meaning of the IWPCA.

8

50. Defendant promised to pay Barreda a certain hourly rate for all hours worked.

51. During the course of Barreda's employment, Prospect has not paid Barreda the promised compensation for all of the hours he worked each week.

52. Prospect violated the IWPCA by failing to pay Barreda for all of the hours he worked each week.

53. Barreda was damaged by Defendant's violations of the IWPCA.

WHEREFORE, Plaintiff Barreda respectfully requests this Court to enter an order as follows:

A. The full amount of unpaid wages and prejudgment interest owed to Plaintiff by Defendant;

B. Reasonable attorneys' fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

Dated: June 4, 2008

Respectfully submitted,

ALLAN BARREDA

By: _____
Attorney for Plaintiff

Marc J. Siegel, #06238100
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231
Email  info@caffarelli.com
Web    www.caffarelli.com

9