## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALLAN BARREDA, and all other Plaintiffs similarly situated known and unknown, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | Case No. 08-CV-3239 |
| PROSPECT AIRPORT SERVICES, INC., | ) ) | Hon. Judge Kennelly |
| Defendant. | ) | Magistrate Judge Nolan |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, PROSPECT AIRPORT SERVICES, INC. ("Prospect"), by and through its attorneys, Arthur Holtzman and Lauren Blair of Pedersen & Houpt, and pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), hereby moves for summary judgment in its favor on all counts of the Amended Complaint.  In support thereof, Prospect states as follows:

1.     On or about July 11, 2008, Plaintiff, ALLAN BARREDA filed a First Amended Complaint alleging that he was not paid minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, ("FLSA") (Count I), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. set.*, ("IMWL") (Count II).  The First Amended Complaint also alleges that Plaintiff was not paid promised compensation for all hours worked each week in violation of the Illinois Wage Payment and Collection Act, 802 ILCS 115/1 *et. seq.*, ("IWPCA") (Count III).  At the time of filing, Plaintiff was a skycap for Prospect who serviced Delta Air Lines ("Delta") and US Airways ("USAir") at O'Hare International airport.

2.     In addition to his individual claims in Count I, Plaintiff attempts to bring a collective wage and overtime action on behalf of himself and other Prospect skycaps who

serviced Delta and USAir under Section 216(b) of the FLSA.

3.      Prospect is entitled to summary judgment on all FLSA claims because he and the other skycaps who serviced Delta and USAir are not only a divergent, heterogenous group with differing hours of work, meal period policies, and pay rates, but are also unionized employees subject to a collective bargaining agreement ("CBA") that contains provisions governing unionized employees' wages, hours of work and overtime, as well as a detailed and mandatory grievance procedure.  The Seventh Circuit has ruled that such claims must be addressed through the mandatory grievance procedures of the governing collective bargaining agreement.  *Jonites v. Exelon Corp.*, 522 F.3d 721 (7th Cir. 2008); *Leahy v. City of Chicago*, 96 F.3d 228 (7th Cir. 1996) cert. denied 520 U.S. 1228, 117 S. Ct. 1818 (1997).

4.      Prospect is entitled to summary judgment on Counts II and III as they attempt to raise state claims that are preempted by the CBA pursuant to Section 301 of the Labor Management Relations Act ("LMRA").

5.      In support of this Motion, Prospect submits affidavits and other supporting materials referred to in Fed. R. Civ. P. 56(e) pursuant to N.D. Ill. Local Rule 56.1(a)(1), Defendant's Memorandum of Law in Support of Motion for Summary Judgment pursuant to N.D. Ill. Local Rule 56.1(a)(2), and Defendant's Statement of Material Facts to Which There Are No Genuine Issues pursuant to N.D. Ill. Local Rule 56.1(a)(3).

WHEREFORE, Defendant, PROSPECT AIRPORT SERVICES, INC., respectfully requests that this Court grant summary judgment in Defendant's favor as to all of claims raised in the Amended Complaint, and for any further relief deemed equitable and just.

Respectfully submitted,

PROSPECT AIRPORT SERVICES, INC.

By:    /s/ Lauren Blair
       One of Its Attorneys

Arthur M. Holtzman (A.R.D.C. #1252844)
Lauren Blair (A.R.D.C. #6224489)
PEDERSEN & HOUPT
161 North Clark Street
Suite 3100
Chicago, Illinois  60601
(312) 641-6888

483546                                      3