**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALLAN BARREDA, and all other Plaintiffs similarly situated known and unknown, | |
| Plaintiff, | No. 08 C 3239 |
| v. | Judge Kennelly |
| | Magistrate Judge Nolan |
| PROSPECT AIRPORT SERVICES, INC., | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT INSTANTER**

Plaintiff Allan Barreda ("Barreda"), by and through his attorneys, Caffarelli & Siegel Ltd., requests leave of court to file his Second Amended Complaint instanter, as permitted by the Federal Rules of Civil Procedure. The Second Amended Complaint simplifies and streamlines the case by deleting allegations and causes of action. In support of his Motion, Plaintiff states:

1. According to Fed. R. Civ. P. 15, "leave shall be freely given when justice so requires."

2. Plaintiff first filed his Complaint alleging violations of Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*, ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.* ("IWPCA") for Defendant's failure to pay minimum, overtime, and other wages due to Plaintiff and other similarly situated employees. On July 11, 2008, Plaintiff filed his First Amended Complaint also alleging violations of the FLSA, IMWL, and IWPCA.

3.      Plaintiff's counsel has reviewed Defendant's Answer to Plaintiff's First Amended Complaint and Defendant's Rule 26 Disclosures, and has had discussions with Defendant's counsel.  Even though Plaintiff believes they are meritorious claims, Plaintiff has decided for strategic purposes <u>not to</u> pursue his claims for unpaid overtime under the FLSA and IMWL, or his claim under the IWPCA.

4.      Plaintiff's counsel informed the Honorable Judge Kennelly during the initial status hearing on August 6, 2008, as well as Defendant's counsel, that Plaintiff intended to file a Second Amended Complaint.  Moreover, following the initial status, Plaintiff's counsel had an extensive conversation with Defendant's counsel outlining the specifics of Plaintiff's forthcoming Second Amended Complaint.

5.      This Motion is not being brought to cause the Defendant any unnecessary hardship or to cause any undue delay.

6.      Defendant would not be prejudiced by the granting of the instant motion, and would in fact benefit from it.  Defendant would only have to defend itself against Plaintiff's allegations of failure to pay the federal and applicable state minimum wage.  Additionally, Defendant has sufficient time to investigate Plaintiff's minimum wage claims because discovery in this matter has just begun.

7.      Plaintiff's proposed Second Amended Complaint is attached as Exhibit A.

WHEREFORE, Plaintiff asks this Honorable Court grant his Motion for leave to file his Second Amended Complaint.

Dated: August 15, 2008                                  Respectfully submitted,

Marc J. Siegel, #06238100
Bradley Manewith, #06280535                             ALLAN BARREDA
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601                                      By: /s/ Marc J. Siegel
Tel. (312) 540-1230                                          Attorney for Plaintiff
Fax (312) 540-1231

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Plaintiff's Motion for Leave to File Second Amended Complaint, to be served upon the party below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on August 15, 2008.

Lauren Blair
Arthur M. Holtzman
Pedersen & Houpt
161 N. Clark St., Suite 3100
Chicago, IL  60601

Courtesy copies delivered to chambers of Judge Kennelly on the same day via hand delivery.


                                                 /s/ Marc J. Siegel
                                               Marc J. Siegel
                                               Caffarelli & Siegel Ltd.
                                               Two Prudential Plaza
                                               180 N. Stetson, Suite 3150
                                               Chicago, IL 60601

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLAN BARREDA, BRIAN SCHALK, and all other Plaintiffs similarly situated known and unknown,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PROSPECT AIRPORT SERVICES, INC.,<br><br>　　　　　　Defendant. | No. 08 C 3239<br><br>Judge Kennelly<br>Magistrate Judge Nolan |

## SECOND AMENDED COMPLAINT AT LAW

Plaintiffs, Allan Barreda ("Barreda") and Brian Schalk ("Schalk"), on behalf of themselves and all other Plaintiffs similarly situated known and unknown, by and through their attorneys, Caffarelli & Siegel Ltd. and Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., for their Second Amended Complaint at Law, complain against Defendant Prospect Airport Services, Inc. ("Prospect"), as follows:

### NATURE OF ACTION

1.　This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, for Defendant's failure to pay minimum wages due to Plaintiff and other similarly situated employees. Specifically, Prospect has violated the FLSA by paying its skycaps less than the federal minimum wage because it is not entitled to take the "tip credit" against the minimum wage under the FLSA.

2.　Plaintiffs also bring claims on behalf of subclasses of skycaps under certain state minimum wage laws, including but not limited to the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*, ("IMWL"), for failure to pay minimum wages. Specifically, Prospect



has violated applicable state minimum wage laws, including the IMWL, by paying its skycaps less than the state minimum wage because it is not entitled to take the "tip credit" against the minimum wage under the IMWL, or other similar state wage and hour laws.

## JURISDICTION AND VENUE

3. This court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed at Prospect's locations throughout the United States, including but not limited to O'Hare International Airport, which is located in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Barreda is currently employed by Prospect. He began working for Prospect as a skycap on or about July 24, 2007, and has been paid an hourly rate that is less than the minimum wage. Barreda resides in Chicago, Illinois.

6. Schalk is currently employed by Prospect. He has been working for Prospect as a skycap since approximately 1989, and has been paid an hourly rate that is less than the minimum wage. Schalk resides in Chicago, Illinois.

7. Plaintiffs, and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class"), are either present or past skycaps of Prospect who have not been paid and are due minimum wages under the FLSA, Portal-to-Portal Act, and applicable state wage and hour laws. As to the claims under the FLSA, similarly situated employees throughout the United States may opt in to this case to pursue claims under

the Fair Labor Standards Act, 29 U.S.C. § 216(b). As to the state statutory claims, the classes satisfy the requirements of Fed. R. Civ. P. 23.

8. Defendant Prospect is a corporation that contracts with airlines to provide skycap services at various airports around the United States. In many airports, Prospect pays its skycaps less than the minimum wage. Its corporate headquarters is located in Des Plaines, Illinois.

## FACTUAL ALLEGATIONS

9. Prospect currently delivers a variety of services, including but not limited to curbside check-in services, to airlines in thirteen cities and fourteen airports around the United States. Prospect has contracts with several major airlines, including Delta Airlines, U.S Airways, United Airlines, Jet Blue, and American Airlines, to provide curbside check-in services.

10. Prospect employs skycaps at each of its locations to perform curbside check-in services.

11. Skycaps have traditionally received most of their compensation from tips given to them by airline passengers.

12. Beginning in approximately 2005, some airlines began assessing a fee for curbside check-in. Prospect receives a portion of the airlines' curbside check-in fees.

13. Skycaps are required to collect the curbside check-in fee from passengers but do not retain the proceeds of the fee.

14. Plaintiffs, and other members of the Plaintiff Class, have received fewer tips as a result of the curbside check-in fees, as far fewer passengers will pay tips in addition to paying the curbside check-in fee.

15. Skycaps employed by Prospect have been paid a base wage that is less than the federal minimum wage and is less than the minimum wage of a number of states, including Illinois.

16. Prospect has not met the federal and state legal requirements to take a "tip credit" against the minimum wage for skycaps.

17. Prospect has a policy making skycaps strictly liable for the collection and accountability of the curbside check-in fees. Specifically, skycaps are required to reimburse Prospect for shortages in the amount of curbside check-in fees collected.

18. As a result of Prospect's uniform reimbursement policy, skycaps are not able to retain all of their tips. Instead, they must pay a portion of their tips over to Prospect to cover any shortages resulting from passengers' failure to pay the curbside check-in fee.

19. Prospect also does not maintain accurate records of skycaps' tips. Rather, it automatically deducts the tip credit from skycaps wages, regardless of whether the skycaps actually received sufficient tips to cover the minimum wage.

20. As a result of the policies and practices described above, Plaintiffs and other members of the Plaintiff Class were not paid the applicable state and federal minimum wage for all hours worked while in Defendant's employ.

21. Prospect was aware of its obligation to pay employees the minimum wage, and intentionally chose not to pay Plaintiffs or other members of the Plaintiff class accordingly. Prospect acted in bad faith in failing to compensate Plaintiffs and other members of the Plaintiff class for the work they performed.

## COUNT I
### Violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

22. Paragraphs 1-21 are re-alleged and incorporated as though set forth fully herein.

23. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by the Plaintiff Class, or by anyone for and on behalf of him/herself and other Plaintiffs similarly situated, who has been damaged by Prospect's failure to comply with 29 U.S.C. § 201 *et seq.* and 29 U.S.C. §251 *et seq.* Plaintiffs Barreda and Schalk attach as Group Exhibit A their Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

24. All past and present employees of Prospect employed as skycaps nationwide are similarly situated to the named Plaintiffs in that Prospect has applied the compensation policies, which violate the FLSA, on a company-wide basis. All past and present skycaps, including Barreda and Schalk are or were engaged in job duties and responsibilities integral and indispensable to the operation of Prospect's business, and all have been and/or are presently being denied proper compensation as required by the FLSA.

25. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

26. In order to bring this cause of action, it has been necessary for the named Plaintiffs, and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure any judgment due to them with regard to back compensation.

27. Pursuant to 29 U.S.C. § 206, Plaintiffs Barreda and Schalk and all other members of the Plaintiff Class, known and unknown, were entitled to receive at least the applicable federal minimum wage rate for all hours worked.

28.     Prospect's failure to pay compensation to Plaintiff Barreda and Schalk and all other members of the Plaintiff Class, known and unknown, at the applicable federal minimum wage rate is a violation of the FLSA.

29.     Prospect knew its obligations under the FLSA, but deliberately chose not to heed them. Thus, Prospect's failure to pay minimum wages is a willful violation of the FLSA.

30.     As a direct and proximate result thereof, there is due to Barreda and Schalk and other members of the Plaintiff Class back wages and liquidated damages, pursuant to the FLSA.

### COUNT II
### Violation of State Minimum Wage Law

31.     Paragraphs 1 – 30 are re-alleged and incorporated as though set forth fully herein.

32.     Prospect's conduct in failing to pay Plaintiffs the minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates the laws of a number of states that have minimum wage laws and "tip credit" provisions, including the IMWL.

33.     This claim is brought on behalf of the state sub-classes, including the Illinois sub-class.

34.     The minimum wage in Illinois is $7.75 per hour as of July 1, 2008, and the minimum tip wage is $4.65 per hour. The minimum tip wage is the minimum amount that employers must pay as a base wage to tipped employees.

35.     Barreda and other skycaps in Illinois are paid a base wage of $4.50 per hour – less than required by law.

36.     Prospect violated the minimum wage provisions of the IMWL by compensating its Illinois skycaps at a rate of less than the Illinois minimum wage, and Illinois minimum tip wage.

WHEREFORE, Plaintiffs respectfully requests this Court to enter an order as follows:

A. Permission for skycaps throughout the United States who are employed by Defendant Prospect and are paid less than the federal minimum wage to opt-in to this action, pursuant to § 216(b) of the FLSA;

B. Certification of subclasses of skycaps in states in which Defendant Prospect's actions violate the state statutes relating to tipping and minimum wage, pursuant to Fed. R. Civ. P. 23;

C. Restitution for all wages lost by the skycaps as a result of Defendant Prospect's actions;

D. Restitution for the full minimum wage under the FLSA and applicable state statutes;

E. Liquidated damages equal to the amount of unpaid back wages, pursuant to 29 U.S.C. § 216(b)

F. Additional damages as allowed by state law, including punitive damages under the Illinois Minimum Wage Law;

G. Prejudgment interest with respect to the total amount of unpaid overtime and other compensation;

H. Reasonable attorneys' fees and costs incurred as a result of Defendant Prospect's violations; and

I.  Such additional relief as the Court deems just and appropriate under the circumstances.

Dated: August 15, 2008                                  Respectfully submitted,

Marc J. Siegel, #06238100                               ALLAN BARREDA
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150                             By: /s/ Marc J. Siegel
Chicago, IL  60601                                          Attorney for Plaintiff
Tel. (312) 540-1230
Fax (312) 540-1231

Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
Pyle, Rome, Lichten, Ehrenberg
    & Liss-Riordan, P.C.
18 Tremont Street, 5th Floor
Boston, MA  02108
Tel. (617) 367-7200

**OPT-IN CONSENT FORM**

<u>Barreda, et al. v. Prospect Airport Services, Inc.</u>, N.D. Ill. Civil Action No. 08-C-3239

Complete and return to: Shannon Liss-Riordan, Esq.
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
Fax: (617) 367-4820
sliss@prle.com

Name: Alan W. Barreda

Address: 4146 N. Bernard

City: Chicago  State: IL  Zip: 60618

Telephone: (773) 807-219_ (home)   (work) (773) 686-747_ (cell)

E-Mail: awbarreda@hotmail.com

**CONSENT TO JOIN COLLECTIVE ACTION**
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims in connection with the above-referenced lawsuit arising out my employment with Prospect Airport Services, Inc.

2. I have worked as a skycap since the curbside check-in fee was required for skycaps' services. During my employment, my employer has paid me an hourly rate of $4.50, which is less than minimum wage.

3. I am required to turn in an amount equal to the curbside check-in fee for every bag I check, whether or not I collect it from the passenger. When passengers have checked bags but have not paid the check-in fee, I have had to make up the difference out of my tips.

4. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action. I hereby designate Shannon Liss-Riordan, Esq. and Hillary Schwab, Esq. of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108 and Marc J. Siegel, Esq. and Bradley Manewith, Esq. of Caffarelli & Siegel Ltd., Two Prudential Plaza, 180 North Stetson Ste. 3150, Chicago, IL 60601, to represent me for all purposes in this action.

6. I also designate the named plaintiffs in this action, the collective action representatives, as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs (with the understanding that Plaintiffs' Counsel are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees), and all other matters pertaining to this lawsuit.

Signature: _____   Date: 8·15·08