UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLAN BARREDA, and all other Plaintiffs similarly situated known and unknown, | |
| Plaintiff, | No. 08 C 3239 |
| v. | Judge Kennelly |
| | Magistrate Judge Nolan |
| PROSPECT AIRPORT SERVICES, INC., | |
| Defendant. | |

**MOTION FOR ORDER TO SEND NOTICE TO
SIMILARLY SITUATED PERSONS PURSUANT TO 29 U.S.C. § 216(b)**

NOW COMES Plaintiff Allan Barreda ("Plaintiff"), and moves for an order authorizing notice to similarly situated persons pursuant to the "opt-in" mechanism for collective actions in the federal Fair Labor Standards Act, 29 U.S.C. § 216(b). In support of his motion, Plaintiff states:

1.	On behalf of himself and all other past and present employees of Defendant Prospect Airport Services, Inc. ("Prospect") employed as skycaps, Plaintiff has filed a claim for unpaid wages pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Specifically, in the Second Amended Complaint filed today, Plaintiff alleges that Prospect pays its skycaps an amount that is less than the federal minimum wage (currently $5.85 per hour) and takes the "tip credit" against the minimum wage but that Prospect is not entitled to take the "tip credit," because it does not allow skycaps to retain all of their tips. *See* 29 U.S.C. § 203(m)(2) (employers can take the "tip credit" only if "all tips received by such employee have been retained by the employee"). Specifically, skycaps are required to collect a fee from passengers for bags checked at curbside, and skycaps must turn in an amount equal to the fee for every bag

they check, even if the passenger has not paid the curbside check-in fee.[1] Skycaps must make up for these "shortages" out of their own tips.

2. Plaintiff is "similarly situated" to numerous other past and present employees of Prospect who have been employed as skycaps. Like the Plaintiff, these employees have not been paid at least the minimum wage for all hours worked, and they have not been allowed to retain all of their tips, in violation of 29 U.S.C. § 203(m)(2).

3. In order to demonstrate that Plaintiff and other past and present employees of Prospect are similarly situated such that a Notice to prospective class members may be sent, Plaintiff needs only make a "modest factual showing sufficient to demonstrate that he and other putative plaintiffs together were potentially victims of a common policy or plan that violated FLSA." Gambo v. Lucent Technologies, No. 05 C 3701, 2005 WL 3542485 at *4 (N.D. Ill. Dec. 22, 2005). Based upon the Plaintiff's collective period of employment and his personal knowledge of Prospect's payroll practices, Plaintiff contends that other skycaps were subject to the same illegal practices.

4. Attached as Exhibit A is the affidavit of named Plaintiff Barreda in which he states that he was employed by Prospect as a skycap, was not paid at least the minimum wage for all hours worked, and was not permitted to retain all of his tips. He states that the compensation policies he experienced were company-wide policies which Prospect applied to other skycaps as well.

5. Attached as Exhibit B is the affidavit of Brian Schalk, who is seeking to be added as a named plaintiff, stating that he is employed by Prospect as a skycap, he is paid an amount that is less than minimum wage, and he is not permitted to retain all of his tips. He states that the

---

[1] The curbside check-in fee is $2 per bag at most airline terminals. The fee is $3 per bag at Delta Airlines terminals.

2

compensation policies he experienced were company-wide policies which Prospect applied to other skycaps as well.

6. Section 16(b) of the FLSA, which authorizes an employee to bring an action on behalf of him or herself and other employees similarly situated, carries with it a right in the representative plaintiff to notify the people to whom he would like to represent that he has brought a suit. Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982) (The authorization in the FLSA that employees may bring claims "for and in behalf of himself or themselves and other employees similarly situated" "surely must carry with it a right in the representative plaintiff to notify the people he would like to represent that he has brought a suit. . ."). Further, unlike an Illinois state law class action pursuant to 735 Ill. Comp. Stat. 5/2-801, persons who may "opt-in" to a collective action under the FLSA do not get the benefit of the complaint filing date. 29 U.S.C. § 256. That is, the opt-in plaintiffs are not considered to have commenced their individual actions until their written consents have been filed with the court. Id. In practice, this requirement means that the tolling of the two or three year limitations period does not occur for these individuals until their written notice is filed. It is therefore crucial that notice of this lawsuit be sent out immediately to all potential opt-in plaintiffs.

7. Attached as Exhibit C is Plaintiff's proposed "Notice" form. Similar forms have been approved in the United States District Court for the Northern District of Illinois cases of Martinez v. The Dry Cleaning Factory, Inc., No. 06 C 1410 (N.D. Ill. 2006) and Gatko v. JMK Electric Co., No. 07 C 3528 (N.D. Ill. 2007).

8. Plaintiff further seeks the production by Prospect, within seven (7) days, of the names and last known home addresses of all past and present skycaps employed at any time within the last three (3) years. Plaintiff also seeks an order requiring Prospect to post a hard

copy of the class notice on bulletin boards in employee common areas. See, *e.g., Rubery v. Buth-Na-Bodhaige, Inc.*, __ F. Supp. 2d __, 2008 WL 3188769 (W.D.N.Y. 2008) ("Concerning the forms of notice to be given, I agree with plaintiff that it will not be overly burdensome to require defendant to post a hard copy of the class notice on each of its employee common area bulletin boards."). With the production of names and addresses by Prospect and the approval of the Notice and Consent forms, Plaintiff seeks an order from this Court authorizing notice to each individual identified. Plaintiff also requests that potential party-plaintiffs be given sixty (60) days to return their Consent forms and opt into this litigation.

       9.       Finally, Plaintiff requests that this Court direct Prospect to refrain from any and all forms of communication to prospective class members concerning the merits and issues of their Fair Labor Standards Act claims, and preclude Prospect from securing any releases or waivers (which are, as a matter of law, unenforceable) from employees of their FLSA claims in exchange for cash payments or other consideration.

      WHEREFORE, Plaintiff respectfully requests this honorable Court to issue an order authorizing "opt-in" notice to all similarly situated persons pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 216(b) and to order Prospect to provide Plaintiff with the names and last known home addresses of all skycaps who were employed by Prospect at any time during the last three (3) years and to post the class notice on bulletin boards in employee common areas. Plaintiff further seeks an order directing Prospect to refrain from communicating with potential opt-in class members concerning their FLSA claims.

Dated: August 15, 2008                                  Respectfully submitted,


Marc J. Siegel, #06238100                               ALLAN BARREDA, individually and on
Bradley Manewith, #06280535                             behalf of a class of employees similarly
Caffarelli & Siegel Ltd.                                situated,
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230                                     By: /s/ Marc J. Siegel
Fax (312) 540-1231                                           Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Plaintiff's Motion to Send Opt-In Notice, to be served upon the party below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on August 15, 2008.

Lauren Blair
Arthur M. Holtzman
Pedersen & Houpt
161 N. Clark St., Suite 3100
Chicago, IL 60601

Courtesy copies delivered to chambers of Judge Kennelly on the same day via hand delivery.

/s/ Marc J. Siegel
Marc J. Siegel
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLAN BARREDA, and all other Plaintiffs similarly situated known and unknown,

Plaintiff,

v.

PROSPECT AIRPORT SERVICES, INC.,

Defendant.

No. 08 C 3239

Judge Kennelly
Magistrate Judge Nolan

## AFFIDAVIT OF ALLAN BARREDA

I, Allan Barreda, on oath, depose and state that I have knowledge of the matters contained in this affidavit and that I could competently testify thereto if called upon to do so in open court.

1. My name is Allan Barreda and I am over twenty-one (21) years of age. This affidavit is limited to the matters contained herein.

2. I am a current employee of Prospect Airport Services, Inc. ("Prospect"). I began working for Prospect in or about July 24, 2007. I am employed as a skycap.

3. Prospect has contracts to provide skycap services for Delta Airlines ("Delta") and U.S Airways.

4. I am paid $4.50 per hour plus tips for work as a Delta skycap. I am paid $5.50 per hour plus tips for work as a U.S. Airways skycap.

5. Throughout my employment U.S. Airways has charged passengers a curbside check-in fee. Delta began charging a curbside check-in fee in April 2008.

6. I am required to collect the curbside check-in fee from passengers but do not retain the proceeds of the fee.

7. I receive fewer tips as a result of the curbside check-in fees, as far fewer passengers will pay tips in addition to paying the curbside check-in fee.

8. Prospect has a uniform policy making skycaps strictly liable for the collection and accountability of the curbside check-in fees. Specifically, skycaps are required to reimburse Prospect for shortages in the amount of curbside check-in fees collected.

EXHIBIT A

9. I have been required to reimburse Prospect for shortages in the amount of curbside check-in fees I collected. As such, I had to pay a portion of my tips over to Prospect to cover the shortages resulting from passengers' failure to pay the curbside check-in fee.

10. Prospect automatically deducts a tip credit from my wages, regardless of whether I actually received sufficient tips to cover the minimum wage.

11. As a result of the policies and practices described above, I was not paid the applicable State and federal minimum wage for all hours worked while in Prospect's employ.

12. I observed that Prospect's other skycaps were also required to pay a portion of their tips to Prospect to cover shortages in the amount of curbside check-in fees collected.. I also observed that other skycaps received fewer tips as a result of the curbside check-in fees, and were thus not paid the applicable State and federal minimum wage for all hours worked.

13. I further observed that Prospect's practice of failing to pay their skycaps the applicable State and federal minimum wage was applied uniformly.

FURTHER AFFIANT SAYETH NOT

_____
Allan Barreda

Subscribed to and Sworn Before Me This
15 day of August, 2008

_____
Notary Public

OFFICIAL SEAL
JOANNA GERMANN ZALEWSKI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-21-2009

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLAN BARREDA, and all other Plaintiffs similarly situated known and unknown, | |
| Plaintiff, | No. 08 C 3239 |
| v. | Judge Kennelly<br>Magistrate Judge Nolan |
| PROSPECT AIRPORT SERVICES, INC., | |
| Defendant. | |

### AFFIDAVIT OF BRIAN SCHALK

I, Brian Schalk, on oath, depose and state that I have knowledge of the matters contained in this affidavit and that I could competently testify thereto if called upon to do so in open court.

1. My name is Brian Schalk and I am over twenty-one (21) years of age. This affidavit is limited to the matters contained herein.

2. I am a current employee of Prospect Airport Services, Inc. ("Prospect"). I began working for Prospect in approximately 1989.

3. Prospect has contracts to provide skycap services for American Airlines, and I am employed as a skycap at the American Airlines terminal at Chicago O'Hare International Airport.

4. I am paid $5.50 per hour plus tips for work as an American Airlines skycap.

5. In approximately 2005, American Airlines—in collaboration with Prospect—began charging passengers a curbside check-in fee.

6. I am required to collect the curbside check-in fee from passengers but do not retain the proceeds of the fee.

EXHIBIT

B

7. I receive fewer tips as a result of the curbside check-in fees, as far fewer passengers will pay tips in addition to paying the curbside check-in fee.

8. Prospect has a uniform policy making skycaps strictly liable for the collection and accountability of the curbside check-in fees. Specifically, skycaps are required to reimburse Prospect for shortages in the amount of curbside check-in fees collected.

9. I have been required to reimburse Prospect for shortages in the amount of curbside check-in fees I collected. As such, I had to pay a portion of my tips over to Prospect to cover the shortages resulting from passengers' failure to pay the curbside check-in fee.

10. Prospect automatically deducts a tip credit from my wages, regardless of whether I actually received sufficient tips to cover the minimum wage.

11. As a result of the policies and practices described above, I was not paid the applicable State and federal minimum wage for all hours worked while in Prospect's employ.

12. I observed that Prospect's other skycaps were also required to pay a portion of their tips to Prospect to cover shortages in the amount of curbside check-in fees collected.. I also observed that other skycaps received fewer tips as a result of the curbside check-in fees, and were thus not paid the applicable State and federal minimum wage for all hours worked.

13. I further observed that Prospect's practice of failing to pay their skycaps the applicable State and federal minimum wage was applied uniformly.

FURTHER AFFIANT SAYETH NOT

Subscribed to and Sworn Before Me This

15th day of August, 2008

_____
Notary Public

_____
Brian Schalk

"OFFICIAL SEAL"
C. CORRAL
Notary Public, State of Illinois
My Commission Expires Sept. 19, 2010
Commission No. 560102

2

**OPT-IN CONSENT FORM**

<u>Barreda, et al. v. Prospect Airport Services, Inc.</u>, N.D. Ill. Civil Action No. 08-C-3239

Complete and return to:   Shannon Liss-Riordan, Esq.
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
Fax: (617) 367-4820
sliss@prle.com

Name: _____

Address: _____

City_____State_____Zip_____

Telephone: _____(home)_____(work)_____(cell)

E-Mail: _____

CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.   I consent and agree to pursue my claims in connection with the above-referenced lawsuit arising out my employment with Prospect Airport Services, Inc.

2.   I have worked as a skycap since the curbside check-in fee was required for skycaps' services. During my employment, my employer has paid me an hourly rate of _____, which is less than minimum wage.

3.   I am required to turn in an amount equal to the curbside check-in fee for every bag I check, whether or not I collect it from the passenger. When passengers have checked bags but have not paid the check-in fee, I have had to make up the difference out of my tips.

4.   I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action. I hereby designate Shannon Liss-Riordan, Esq. and Hillary Schwab, Esq. of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108 and Marc J. Siegel, Esq. and Bradley Manewith, Esq. of Caffarelli & Siegel Ltd., Two Prudential Plaza, 180 North Stetson Ste. 3150, Chicago, IL 60601, to represent me for all purposes in this action.

6.   I also designate the named plaintiffs in this action, the collective action representatives, as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs (with the understanding that Plaintiffs' Counsel are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees), and all other matters pertaining to this lawsuit.

Signature: _____   Date: _____

EXHIBIT

C